IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARY TORRES

    Plaintiff

                                            No:     1:09-cv-00106-MV-RL

v.

ALAMO-RENT-A-CAR

    Defendant

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant's Motion to Dismiss, filed July 9, 2009 (Doc. 6). The Court has reviewed the motions, the memorandum and exhibits submitted by the parties, and the relevant authorities. The Court concludes that the motion to dismiss must be **DENIED**.

I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves an injury which allegedly occurred when Plaintiff tripped and fell on the premises of Alamo Rent-A-Car in Dallas, Texas or about February 10, 2007, suffering injury to her wrist, was subsequently treated in Texas and New Mexico, and developed complications while in New Mexico. Plaintiff asserts in her complaint that she is a resident of Bernalillo County in the State of New Mexico. Plaintiff also asserts in her complaint, and Defendant does not contest, that Defendant is a foreign limited liability corporation registered in the State of New Mexico with its principal place of business in the State of Florida. *See* Doc. 11

at p. 3.  Plaintiff states, and Defendant does not contest, that Defendant has locations in New Mexico and purposefully advertises in New Mexico yellow pages and on television, and has a location in Albuquerque, New Mexico.  *See* Doc. 11 at pp. 3-5.

Before this Court is a Motion to Dismiss under Fed. R. Civ. P. 12(b)(2), filed by Defendant, alleging lack of personal jurisdiction.   Defendant Alamo argues that because the alleged injury took place in Texas, this Court does not have jurisdiction over the matter.  *See* Doc. 13, pp. 2-3.  Defendant Alamo also argues that the alleged injury, as plead, did not arise from Defendant's business contacts within New Mexico, nor could Defendant foresee or reasonably anticipate being haled into court in New Mexico, therefore minimum contacts do not exist such that exercise of jurisdiction would be appropriate.  *See* Doc. 13, p. 4.

## II. BURDEN OF ESTABLISHING JURISDICTION

Plaintiff bears the burden of establishing personal jurisdiction.  At the pre-trial motion stage, Plaintiff must make a *prima facie* showing that personal jurisdiction exists, and the Court may consider matters outside the pleadings and will accept the Plaintiff's allegations as true if not contested by Defendants through affidavits or other supportive materials; factual disputes are resolved in favor of the Plaintiff.  *See Overton v. United States*, 925 F.2d 1282, 1283 (10th Cir. 1991); *see also Rogers et. al. v. 5-Star Management, Inc.*, 946 F. Supp. 907, 910 (D.N.M. 1996); *see also Fidelity & Casualty Co. v. Philadelphia Resins* Corp., 766 F.2d 440, 443 (10th Cir. 1985); *see also Jemez Agency, Inc. v. Cigna Corp.*, 866 F. Supp. 1340, 1342 (D.N.M. 1994); *also citing Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010, 85 L. Ed. 2d 171, 105 S. Ct. 1879 (1985); *also citing Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir. 1990), *cert. denied*, 498 U.S. 1068, 112 L. Ed. 2d 849, 111 S. Ct. 786 (1991);

*see also Cronin v. Sierra Medical Center et. al.*, 129 N.M. 521, 525, 10 P.3d 845 (2000).

III.  NEW MEXICO'S LONG-ARM STATUTE

In determining whether a federal court has diversity jurisdiction over a nonresident defendant, court must look both to state and federal law:

> Whether a federal court has personal jurisdiction over a nonresident defendant in a diversity action is determined by the law of the forum state. *[citations omitted]*. The district court in a diversity action may not exercise personal jurisdiction unless it complies with both the forum state's long-arm statute and the Constitution. *[citations omitted]*.  A two-step analysis  is therefore required: first, does the defendant's conduct fall within the scope of the relevant section of the long-arm statute; and second, does the exercise of personal jurisdiction comport with the requirements of due process?

*Taylor v. Phelan*, 912 F.2d 429, 431-432 (10th Cir. Kan. 1990); *citing Yarbrough v. Elmer Bunker & Assocs.*, 669 F.2d 614, 616 (10th Cir. 1982); *also citing* Fed. R. Civ. P. 4(e).

In cases involving a challenge to personal jurisdiction, personal jurisdiction is evaluated under the forum state's long-arm statute.  *See Rogers et. al. v. 5-Star Management, Inc.*, 946 F. Supp. 907, 910 (D.N.M. 1996)*; see also Jemez Agency, Inc. v. Cigna Corp.*, 866 F. Supp. 1340, 1342 (D.N.M. 1994).

The New Mexico statute covering personal jurisdiction states in relevant part:

> Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from: (1) the transaction of any business within this state . . .

N.M. Stat. Ann. § 38-1-16(A).

 New Mexico courts utilize a three-step test to decide whether personal jurisdiction exists over nonresident out-of-state defendants: "(1) the Defendant's act must be one of the five

3

enumerated in the long-arm statute; (2) the plaintiff's cause of action must arise from the act; (3) minimum contacts sufficient to satisfy due process must be established by the defendant's act." *State Farm Mutual Insurance Company v. Dewey Conyers et. al.*, 109 N.M. 243, 244, 784 P.2d 986, 987 (N.M. 1989); *see also Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618, 621 (10th Cir. 1988).

Whether or not the plaintiff's claims arise from the defendant's activities in the forum state is a fact-specific inquiry. *See Rogers* at 911 *[citations omitted]*; *see also Cronin* at 525. There must be a close relationship to the transaction of business in New Mexico and the cause of action for there to be personal jurisdiction. *Rogers* at 911 *[citations omitted]*. Here, Plaintiff states that she was made aware of Defendant's rental car services through advertisements in the State of New Mexico, and as a result she made a reservation from New Mexico for her trip to Texas. *See* Doc. 11, pp. 3-5.

In *State Farm v. Conyers, supra,* the New Mexico Supreme Court, in analyzing the relationship between the business transaction in New Mexico and the cause of action, noted: "The correct determination should be whether [the Plaintiff]'s cause of action arose from business activities performed in New Mexico by the defendants. The [defendants] submitted themselves to the jurisdiction of New Mexico courts by conducting business in New Mexico. They cannot now escape jurisdiction by claiming that the accident itself occurred outside the state boundaries." 109 N.M. 243, 245, 784 P.2d 986, 988 (N.M. 1989). Similarly, in the instant case, Defendant Alamo-Rent-A-Car conducted business in the State of New Mexico by advertising through multiple mediums, and accepting reservations from New Mexico State residents through a variety of means (*See* Doc. 11, pp. 4-5), thus availing itself of business

opportunities in the State of New Mexico. As such, it cannot now escape jurisdiction by arguing that the accident took place outside of New Mexico State lines. For the purposes of this Motion, this Court accepts as true the Plaintiff's assertions that but for the advertisements of Defendant in the State of New Mexico she would not have contracted with Defendant while in New Mexico for the rental of an automobile in Texas, and but for that rental agreement the cause of action would not have arisen. *See* Doc. 11, pp. 3-5 and *Pl.'s Ex.. A*.

IV.  MINIMUM CONTACTS AND FAIR PLAY/SUBSTANTIAL JUSTICE

Even where minimum contacts exist, the Court must consider whether the exercise of personal jurisdiction meets due process concerns - the exercise of jurisdiction must not offend traditional notions of fair play and substantial justice. *See Overton v. United States*, 925 F.2d 1282, 1283-84 (10th Cir. 1991); *see also International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945); *see also Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 85 F.2d 618 624-26 (10th Cir. 1988). As this Court has summarized, "[f]irst, courts must determine whether a defendant has established minimum contacts with the forum state such that the defendant may reasonably anticipate being haled into court there . . . Second, if the defendant has established minimum contacts, courts must then determine whether 'the assertion of jurisdiction would comport with fair play and substantial justice.'" *Rogers* at 912; *citing and quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985); *also citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980).

As state *supra*, in order to survive a defendant's motion to dismiss for lack of personal jurisdiction, the Plaintiff need only make a prima facie showing that their claims 'arise out of' or

'result from' the defendant's acts in the forum state in which the claim was filed.  *See Taylor v. Phelan*, 912 F.2d 429, 433 (10th Cir. Kan. 1990); *citing Behagen v. Amateur Basketball Ass'n,* 744 F.2d 731, 733 (10th Cir. 1984).  The forum-related contact was the act by Defendant of advertising in New Mexico.  The result was that Plaintiff made reservations in New Mexico for rental of an automobile at Defendant's Texas location.  This claim 'arises out of' and 'results from' Defendant's New Mexico contacts, and therefore personal jurisdiction can be exercised over Defendant consistent with due process considerations.

Further, where there has been a "transaction of any business" under the New Mexico Long-Arm Statute, New Mexico State courts have held that this constitutes minimum contacts such that constitutional requirements of due process have been satisfied.  *See Valley Wide Health Services, Inc. v. Graham*, 106 N.M. 71, 73, 738 P.2d 1316, 1318 (1987); *citing Custom-wood Mfg., Inc. v. Downey Const. Co.*, 102 N.M. 56, 691 P.2d 57 (1984); *see also Benally* at 621 ("[t]he New Mexico Supreme Court has 'repeatedly equated the 'transaction of business' - - insofar as the acquisition of long-arm jurisdiction is concerned - - with the due process standard of 'minimum contacts' sufficient to satisfy' federal constitutional due process standards." *citing and quoting Telephonic, Inc. v. Rosenblum*, 88 N.M. 532, 543 P.2d 825, 827 (1975)).

Defendant in the instant case has established minimum contacts with this forum state such that it could reasonably anticipate being haled into court here.  Plaintiff has asserted that Defendant has posted numerous advertisements in yellow pages in the State of New Mexico, which she has seen, that Defendant's television commercials air in New Mexico and its internet site is available to New Mexico State residents, that Defendant has a commercial office in Albuquerque, and that Defendant has a registered agent for service of process in New Mexico.

*See* Doc. 11, pp. 3-5 and *Plaintiff's Ex. C-I*. Defendant does not refute these statements by signed affidavits or other filings, therefore we take these facts as true. Defendant is registered in the State of New Mexico as a foreign limited liability corporation with its principal place of business in Ft. Lauderdale and doing business in New Mexico. *See Pl.'s Ex.C-D*. Defendant has branches in New Mexico and advertises its services within the State of New Mexico. *See Pl.'s Ex. B*. As such, we find that the Defendant has minimum contacts with this state and has purposefully and voluntarily initiated these contacts (*see supra*) such that it could reasonably anticipate being haled into court here.

    A.  WHERE A DEFENDANT HAS PURPOSEFULLY AVAILED ITSELF OF OPPORTUNITIES IN THE FORUM STATE

In determining whether minimum contacts exist under its Long-Arm statute, New Mexico courts look to the nature of the transaction, the contemplation of the parties and the location of potential witnesses. *State Farm Mut. Ins. Co. v. Conyers* at 246 (N.M. 1989).

A key focus in determining whether minimum contacts exist is whether the defendant purposefully and voluntarily initiated its activity within the state, thereby invoking the benefit of its laws. *See Valley Wide Health Services, Inc. v. Graham*, 106 N.M. 71, 73, 738 P.2d 1316, 1318 (1987) (A "central factor in determining whether these 'minimum contacts' were established is the degree to which defendant *purposefully initiated* its activity within the state."); *citing Custom-wood Mfg., Inc. v. Downey Const. Co.*, 102 N.M. 56, 691 P.2d 57 (1984)); *see also State Farm Mut. Ins. Co. v. Conyers*, 109 N.M. 243, 245 (N.M. 1989) ("The key focus in analyzing minimum contacts is that the defendant by some act 'purposefully avails [him]self of the privilege of conducting activities within the forum State, thus invoking the benefits . . . of its laws"; *citing Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283

(1958)); *see also Benally* at 621.

However, even a single phone call or letter, if it represents an attempt by the Defendant to purposefully avail itself of the privileges associated with conducting business in the forum state, is sufficient to support jurisdiction.  *See Rambo v. American Southern Insurance Co.*, 839 F.2d 1415, 1418-19 (10th Cir. 1988); *cited by Taylor v. Phelan*, 432 (10th Cir. 1990).

### B.  JURISDICTION OVER A CORPORATION MAY BE GENERAL OR SPECIFIC

Even if this Court did not find that the alleged injury arose from the Defendant's contacts with New Mexico, this Court could still exercise general jurisdiction over the Defendant. Jurisdiction over a corporation may be specific - where the alleged injury arises out of its activity within the forum state - or general where the jurisdiction is not related to the events giving rise to the suit.  As the Tenth Circuit has explained, "[j]urisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum state is 'specific jurisdiction.' In contrast, when the suit does not arise from or relate to the defendant's contacts with the forum and jurisdiction is based on the defendant's presence or accumulated contacts with the forum, the court may exercise 'general jurisdiction.'"  *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1418 (10th Cir. 1988); *citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.15, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985); *also citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn. 8 & 9, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984); *also citing Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987); *cited by Hargrave v. Concord Moon, L.P.*, 278 Fed. Appx. 853, 855 (10th Cir. 2008).  In the current case, as in *Hargrove*, *supra*, the Plaintiff has systematic and continuous contacts with the State of New Mexico, such that the exercise of general jurisdiction is appropriate.  278 Fed. Appx. 853, 855 (10th Cir. 2008).

However, in this case the alleged injury is sufficiently connected to the Defendant's activities within New Mexico such that the exercise of specific jurisdiction is appropriate as well.

### C.  LOCATION OF THE INJURY

Defendant argues that because the alleged injury took place in Texas, this Court may not exercise jurisdiction over this claim.  Defendant cites several authorities that assist in determining where a tort took place, but none of these authorities state that the location of a tort in another state precludes personal jurisdiction over a foreign corporation registered and voluntarily doing business in the claimed forum state.  *See* Doc. 13, pp. 2-3.  As stated above, this Court may exercise jurisdiction.

In *Benally*, the Tenth Circuit analogized the case before it to *Kathrein v. Parkview Meadows, Inc.*  In the latter case an alcohol treatment center located in Arizona advertised in New Mexico, and the Plaintiff, a New Mexico resident, traveled to Arizona for treatment, and suffered trauma at the Arizona facility.  The *Kathrein* court found that the activity of the defendant in New Mexico was purposeful and voluntary, and the Plaintiff's use of defendant's services in Arizona and her injury in Arizona was a result of the defendant's solicitation in New Mexico.  *Benally* at 624; *Kathrein*, 102 N.M. 75, 691 P.2d (1984) 463-464.  As in *Kathrein,* the *Benally* court found the assertion of personal jurisdiction was appropriate based on the voluntary availment by the defendant of the benefits of the laws of the State of New Mexico.  In the instant case there can be no doubt that Defendant voluntarily and purposefully availed itself of the benefits of doing business in New Mexico, as evidenced by its purposeful and voluntary solicitation of New Mexico residents.  Similarly, in *State Farm v. Conyers*, discussed *supra*, the alleged accident took place outside of New Mexico, however the court found it appropriate to

9

exercise jurisdiction based on the Defendant's business activities New Mexico. 109 N.M. 243 (N.M. 1989).

## V. BALANCING HARDSHIPS

In deciding whether to exercise jurisdiction the Court must also consider the burden to the parties and the interests of several states in resolving disputes efficiently and advancing social policy - these concerns similarly fall under "'fair play and substantial justice.'" *See Benally* at 626; *citing Burger King*, 471 U.S. at 476; *in turn citing International Shoe*, 326 U.S. at 320. *Id.* at 626. In sum,

> We consider the following factors in deciding whether the exercise of jurisdiction is reasonable: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

*Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1249 (10th Cir. Okla. 2000); *citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985).

This Court determines that the exercise of jurisdiction by this Court in this case comports with notions of fair play and substantial justice. As stated by the Plaintiff, Defendant has an office in Albuquerque, New Mexico. *See* Doc. 11, p. 3 and *Pl.'s Ex. E*. Further, a quick internet search yields multiple locations in the State of New Mexico. Therefore the burden to Defendant of defending this case is minimal. The Defendant corporation is incorporated in the State of Florida, and the alleged accident took place in Texas. This Court recognizes that if this case is not dismissed, the Defendant may have to fly in several witnesses who can personally attest to the conditions of the rental facility in Texas. However, Plaintiff would similarly be burdened if

this case were heard in Texas, as she would have to fly in medical experts/witnesses, since her medical care primarily took place in New Mexico.  *See Pl.'s Ex. A & J*.  Further, Plaintiff is an individual, not a corporation, and resides in New Mexico; it would be substantially easier for her to pursue this action against Defendant in the State of New Mexico.  Further, a plaintiff's choice of forum is rarely disturbed.  *See William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972); *see also Price v. Takata Corp.*, 2008 U.S. Dist. LEXIS 65121, *5 (D.N.M. 2008); *see also Archuleta v. Lacuesta*, 1996 U.S. Dist. LEXIS 21751, *7 (D.N.M. Aug. 13, 1996), *aff'd* 131 F.3d 1359 (10th Cir. 1997).  In addition, the State of New Mexico has a strong public policy interest in addressing injuries to its citizens that result from business contacts with foreign corporations doing business in New Mexico.  In short, when the potential hardships are balanced, this Court finds that the exercise of jurisdiction by this Court comports with notions of fair play and substantial justice.

VI.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein,  **IT IS ORDERED** that the Defendant's Motion to Dismiss (Doc. 6) is **DENIED**.  This Order does not in any way reflect upon the underlying merits of the case.

**DATED** this 23rd day of March, 2010.

_____
**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Plaintiff**<br>**Mary Torres** | represented by **Richard R Marquez**<br>*503 Slate NW*<br>*Albuquerque , NM 87102*<br>*(505) 247-2972*<br>*Fax: (505) 842-6945*<br>*Email: rmarquez11@comcast.net*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Defendant**<br>**Alamo Rent-A-Car** | represented by **Damian L Martinez**<br>Holt Babington & Mynatt<br>PO Box 2699<br>Las Cruces , NM 88004-2699<br>(505) 524-8812<br>Fax: 524-0726<br>Email: dlm@hbm-law.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |